**In Re the Petition for DISCIPLINARY ACTION AGAINST Dean A. NYQUIST, an Attorney at Law of the State of Minnesota.**

No. C4–89–1793.

Supreme Court of Minnesota.

April 13, 1990.

## ORDER

KELLEY, Justice.

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Dean A. Nyquist had committed unprofessional conduct warranting public discipline. The Director alleges three separate counts of misconduct in his petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that in 1988, respondent and another attorney in respondent's firm represented a dissolution client in post-decree proceedings to collect spousal maintenance; that respondent's firm subsequently split up; that the client chose to be represented by an attorney who departed from respondent's firm, but that the departing attorney assigned the client's account receivable to respondent; that respondent assigned collection of the client's account to DAN Enterprises, Inc., a collection agency run by respondent; that when the client's ex-spouse mailed court ordered spousal maintenance checks to respondent for delivery to the client, respondent, without authority of the court or the client, retained the checks, endorsed them, and converted the proceeds to his own use. In addition, although respondent had no agreement with the client authorizing him to charge interest on the legal fees the client owed, respondent charged 16% interest to the client's account. Respondent also failed to comply with the disclosure requirements of Minn.Stat. Chapter 334 and the Federal Truth in Lending Law and made a false statement to the Director in connection with the Director's investigation of this matter.

In count two, the Director states that he conducted an audit of the trust account of respondent's firm, into which respondent deposited client funds and for which respondent had signatory authority, for the period March 1985 through December 1988. The Director alleges that respondent misappropriated trust account funds of some clients to the benefit of other clients on several occasions by issuing checks to certain clients for whom the trust account held no funds or held insufficient funds; that this misappropriation resulted in a continuous overall shortage in the trust account; that respondent failed to maintain cash receipts and cash disbursements journals and failed to perform monthly trial balances and reconciliations for the trust account; that respondent failed to pay interest earned on the trust account to the Lawyers Trust Account Board; that respondent authorized automatic monthly withdrawals from his trust account which were made without the signature of a lawyer; and that respondent instructed his paralegal to sign his name to three checks drawn on the trust account, which checks were then presented for payment.

In count three, the Director alleges that DAN Enterprises, Inc., a collection agency of which respondent's spouse is the sole shareholder and respondent and his spouse are the only officers, sent billing statements and made other attempts to collect accounts receivable for respondent; that, on at least one occasion, respondent received funds collected by DAN Enterprises, Inc. and applied them directly to his own benefit without first depositing them to the account of DAN Enterprises, Inc.; that from 1980 to 1988, respondent's law firm and DAN Enterprises, Inc. shared the same address and phone number, in violation of Lawyers Professional Responsibility Board Opinion No. 9; and that respondent misled or deceived debtors by using his law firm's stationary for DAN Enterprises, Inc.'s correspondence.

After the filing of the petition, respondent entered into two stipulations with the Director. In the first stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a) and Rule 9, Rules on Lawyers Professional Responsibility. In the second stipulation, the respondent waived all of his procedural

rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility, withdrew the answer he had filed herein and unconditionally admitted all of the allegations of the petition. Respondent also joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 30–day suspension. Respondent further agreed to the imposition and payment of $750 in costs and $85.75 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, the stipulation of the parties, and respondent's past disciplinary history, NOW ORDERS:

1. That the respondent, Dean A. Nyquist, is hereby suspended for a period of 30 days from the date hereof pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d) is waived.

3. That respondent's reinstatement after the suspension is conditioned upon his filing of an affidavit with the Clerk of Appellate Courts and the Director's Office, at least 15 days before the expiration of the suspension period, that he is current with continuing legal education and has fully complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

4. That following reinstatement, respondent shall remain on supervised probation for 2 years. During probation, respondent shall:

a. cooperate fully with the supervisor and with the Director's Office in its efforts to monitor his compliance with this order and in any investigations of further unprofessional conduct which may arise during probation.

b. Maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and the Lawyers Professional Responsibility Board Opinion No. 9.

Such books and records shall, upon request, be subject to review by the Director and respondent's supervisor.

5. That during respondent's probation, respondent's supervisor shall:

a. file written reports with the Director at least quarterly, or at such other more frequent intervals as reasonably may be requested by the Director.

b. Periodically review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust accounts to ensure compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Opinion No. 9.

c. Periodically review respondent's financial obligations and assist respondent in an orderly arrangement for payment of those obligations.

6. That within 2 weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may appoint any licensed Minnesota lawyer as respondent's supervisor.

7. That respondent shall separate the operations of DAN Enterprises, Inc. from the operations of his law office, maintain separate office addresses and phone numbers, and otherwise comply with the provisions of Lawyers Professional Responsibility Board Opinion No. 10.

8. That within one year of the date of this order, respondent shall successfully complete the professional responsibility portion of the Minnesota state bar examination.

9. That the respondent shall pay to the Director the sum of $750 in costs and $85.75 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.